# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY GENE GLOVER, | CASE NO. 1:10-cv-00580-SKO PC |
| Plaintiff, | ORDER DISMISSING CLAIMS |
| v. | (Doc. 1) |
| JAMES YATES, et al., | and |
| Defendants. | ORDER DENYING MOTIONS |
| | (Doc. 15) |

Plaintiff Bobby Gene Glover ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Pleasant Valley State Prison in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Fourteenth Amendment. Plaintiff names James Yates and three John Does as defendants. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #5.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted. The Court further finds that the deficiencies in Plaintiff's claims cannot be cured by further amendment. Accordingly, the Court will dismiss Plaintiff's claims with prejudice.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

Plaintiff claims that his rights were violated when prison officials confiscated his battery operated Panasonic trimmer. Plaintiff claims that prison regulations permit him to possess the trimmer because battery operated appliances do not count toward the "appliance limit." Plaintiff alleges that prison officials also took his "Brushy Creek hot pot" and gloves. Plaintiff argues that prison officials should return Plaintiff's property back to him.

Plaintiff has also attached a document entitled "Omnibus Motion" to his complaint. Plaintiff's motion is unclear, but it appears to seek the Court's assistance with identifying the "John Doe" defendants named in this lawsuit.

On August 23, 2010, Plaintiff filed a "Special Motion for Directed Verdict on Omnibus Motion." (Doc. #15.) The motion indicates that his omnibus motion asked the Court "to have

CDCR to return Plaintiff property, and make CDCR respond on ever[sic] Level of the 602 with the Officer's name able to read the officers[sic] name." (Special Mot. for Directed Verdict on Omnibus Mot. 1:16-19, ECF No. 15.)

### III. Discussion

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). Whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized. A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff alleges that prison officials confiscated his personal property and the confiscation was not authorized. The unauthorized deprivation of Plaintiff's property does not violate the Due Process Clause because California Law provides adequate post-deprivation remedies for the unauthorized property deprivation. Accordingly, Plaintiff fails to state any cognizable claims under Section 1983.

The Court notes that Plaintiff is entitled to leave to amend his complaint if the Court determines that Plaintiff's claims can be cured by the allegation of other facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). The Court finds, however,

that Plaintiff's claims cannot be cured by the allegation of any other facts.  The sole remedies for Plaintiff's claims are the post-deprivation remedies provided under California state law.  Accordingly, the Court will dismiss Plaintiff's claims with prejudice for failure to state a claim.

Finally, since the Court is dismissing Plaintiff's claims with prejudice, Plaintiff's "Omnibus Motion" and "Special Motion for Directed Verdict on Omnibus Motion" will be denied as moot.

## IV.   Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief can be granted.  The Court finds that the deficiencies in Plaintiff's claims cannot be cured by further leave to amend.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED, with prejudice;
2. Plaintiff's March 22, 2010 "Omnibus Motion" and Plaintiff's August 23, 2010 "Special Motion for Directed Verdict on Omnibus Motion" are DENIED as moot; and
3. The Clerk is directed to close this action.

IT IS SO ORDERED.

**Dated:   November 10, 2010**              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE